USCA1 Opinion

 

 September 28, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APEPALS FOR THE FIRST CIRCUIT ____________________ No. 95-1069 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. CERTAIN REAL PROPERTY LOCATED AT 300 FERN STREET BANGOR, ET AL., Defendants, Appellees, ________________ SUSAN E. BURKE Claimant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge. ___________ Selya and Boudin, Circuit Judges. ______________  ____________________ Susan E. Burke on brief pro se. ______________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, ________________ __________________ Assistant United States Attorney, on Motion for Summary Dismissal for appellees. ____________________ ____________________ Per Curiam. Appellant appeals from the denial of __________ her Rule 60(b)(4) motion. She contends that a forfeiture decree is void because she did not receive sufficient notice of the forfeiture proceedings to satisfy due process. For the reasons which follow, we conclude that appellant is not entitled to relief. The district court afforded appellant an opportunity to prove that she had suffered damages as a result of the due process violation, but appellant failed to appear at the hearing, and damages were denied. Appellant has not challenged the denial of damages on appeal, but rather seeks a determination that the forfeiture decree was void because of the due process violation. She contends that the purchaser from the government could acquire no valid title under a void judgment, and her intent is apparently to proceed against the purchaser if the forfeiture decree is declared void. We will assume without deciding that appellant had some possessory interest in the res entitling her to notice of the forfeiture proceedings and that the government failed to accord her sufficient notice, thereby violating her right to due process. Nevertheless, because appellant, despite ample opportunity, has failed adequately to describe what property interest she claims to have had, she is not entitled to Rule 60(b)(4) relief. The record owner, as well as appellant's husband, John Burke, were served in the forfeiture action, and their rights in the property have been effectively extinguished. So far as we are aware, they have not collaterally challenged the forfeiture decree as void. In other words, the decree is valid as to their interests. To prevail then in her quest against the purchaser, appellant would need to show a property interest that could survive the extinguishment of the record owner's and John Burke's. She has failed to do this, and consequently we conclude that appellant has failed to establish that she is entitled to relief under Rule 60(b)(4). Affirmed. ________ -3-